IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEE MOORE** and **THOMAS J. BENNETT**<br><br>    Plaintiffs,<br><br>v.<br><br>**WALMART, INC.,**<br><br>    Defendant. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs LEE MOORE and THOMAS J. BENNETT, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action and Class Action Complaint against Defendant WALMART, INC. "Defendant"), and alleges as follows:

## INTRODUCTION

1.     Plaintiffs bring this lawsuit seeking recovery against Defendant for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.     Plaintiffs bring this lawsuit against Defendant as a collective action on behalf of themselves and all other persons similarly situated − loss prevention officers − who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3.     Plaintiffs also bring this lawsuit against Defendant as a class action on behalf of themselves and all other persons similarly situated − loss prevention officers − who suffered

1

damages as a result of Defendants' violations of the NJWHL pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiffs performed non-exempt duties for the Defendants in Somerset County, New Jersey, within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiffs and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

### Defendant

**Walmart, Inc.**

9. Defendant, Walmart, Inc., ("Walmart"), is a multinational retailer corporation that runs chains of large discount department stores and warehouse stores.

10. Upon information and belief, Walmart's office is located in Manville, Somerset County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, Walmart employs individuals to perform labor, such as loss prevention services, on behalf of Walmart.

12. Upon information and belief, at all times relevant to this Complaint, Walmart's annual gross volume of sales made or business done was not less than approximately $500,000.00.

13. At all times relevant to this Complaint, Walmart was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

### Plaintiffs

**Lee Moore**

14. Plaintiff Lee Moore ("Moore") is an adult individual who is a resident of Jersey City, New Jersey.

15. Plaintiff Moore was employed by Defendant as a loss prevention officer from in or around July, 2010 through November, 2012.

16. Plaintiff Moore's duties included office work on behalf of Defendant.

17. Plaintiff Moore was scheduled to work in excess of forty (40) hours per workweek.

18. Plaintiff Moore was scheduled to work five (5) days per workweek.

19. Plaintiff Moore routinely worked on average approximately fifty-three (53) hours per workweek on behalf of Defendant, but was never compensated for time spent prior to or after his scheduled hours.

20. Plaintiff Moore was paid on a salary basis, but was never compensated one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

21. A written consent form for Moore is attached as Exhibit A to this Collective Action Complaint.

**Thomas J. Bennett Jr.**

22. Plaintiff Thomas J. Bennett Jr. ("Bennett") is an adult individual who is a resident of Franklin Park, New Jersey.

23. Plaintiff Bennett was employed by Defendant as a loss prevention officer from in or around December, 2010 through November, 2012.

24. Plaintiff Bennett's duties include office work on behalf of the Defendant.

25. Plaintiff Bennett was scheduled to work in excess of forty (40) hours per workweek.

26. Plaintiff Bennett was scheduled to work five (5) days per workweek.

27. Plaintiff Bennett routinely worked on average in excess of forty (40) hours per workweek on behalf of Defendant, but was never compensated for time spent prior to or after his scheduled hours.

28. Plaintiff Bennett was paid on an hourly basis, but was never compensated one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

29. A written consent form for Bennett is attached as Exhibit A to this Collective Action Complaint.

**FACTS**

30. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

31. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

32. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

33. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

34. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendant.

35. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendant.

36. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiffs and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

37. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after December 13 2009, and did not receive time and one-half of their regular rate of pay.

38. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

39. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 38 above.

40. Plaintiffs are entitled to be paid time and one-half of regular rates of pay for each overtime hour worked per work period.

41. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

42. Defendant knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

43. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

45. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 44 above.

46. Defendants' aforementioned conduct is in violation of the NJWHL.

47. As a direct and proximate cause of Defendants' actions, Plaintiffs and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

48. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs LEE MOORE and THOMAS J. BENNETT JR., and those similarly situated to them, who have or will become part of this collective action, demand judgment, against Defendant, WALMART, INC., for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 13, 2012                Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
12 South Orange Ave, Suite 3R
South Orange, NJ 07079

Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*